IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry Anthony Grimes, #23477-004, | C/A No. 8:17-849-JFA-JDA |
| Petitioner, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Warden Hector Joyner, | |
| Respondent. | |

Larry Anthony Grimes ("Petitioner"), proceeding pro se, brings this action pursuant to 28 U.S.C. § 2241. Petitioner is a prisoner incarcerated at FCI-Estill, in Estill, South Carolina, and he requests this Court to send him to Florida for a disposition in a federal case. The Petition is subject to summary dismissal.

## **BACKGROUND**

Petitioner alleges the following facts. He brings this habeas action concerning "a warrant which [has] been held on [him] for more then (sic) 13 years and 10 months, and the warden is holding [him] illegal." [Doc. 1 at 2.] The warrant was entered in the United States District Court for the Southern District of Florida in Case No. 94-200-cr-Moreno. [*Id.*] He contends "this Court has subject matter jurisdiction due to the violation of mandatory conditions of supervised realease (sic) charges . . . ." [Doc. 1 at 3.] He did not file a request and appeal through all of the available procedures in the Federal Bureau of Prisons ("BOP") administrative remedy program. [Doc. 1 at 5–7.] He contends the BOP remedy program does not apply to the warrant; he filed an inmate request (BP-8) and the response was that "the warrant is very active in the State of Florida and there is nothing they can do about it." [Doc. 1 at 6.]

His grounds for habeas relief include: in the Southern District of Florida, he filed a motion for final disposition seeking relief related to the warrant on May 10, 2016, and it was denied for lack of jurisdiction; on September 28, 2016, he filed a second motion for final disposition on the warrant, and it was denied for lack of jurisdiction; on November 7, 2016, he filed a motion to be expedited to court on the warrant, and it was denied. [Doc. 1 at 7–9, Doc. 1-1 at 1–3.] For his relief, Petitioner requests this Court "to notify the correct authority . . . and have me expedited back to the State of Florida for a final disposition hearing before Judge Case # 94-200-cr-Moreno for violation of supervised realese (sic)."

In an effort to better understand Petitioner's habeas request, this Court required Petitioner to answer certain special interrogatories, which he did. [Docs. 5, 8.] From his responses, the Court learned the following facts. Petitioner is not attacking the length of the federal sentence that he is currently serving. [Doc. 8.] Beginning on December 27, 1994, Petitioner served time in custody until his release on June 4, 2002. [Doc. 8-2.] On September 15, 2002, he returned to custody "for new criminal conduct." [*Id.*] Since September 15, 2002, he has been in federal custody, and he is now serving the last 24 months of his sentence which will be completed on August 8, 2018. [*Id.*] He requests "a final disposition before case 94-200-cr-Moreno, so that the warrant be remove (sic), and me being eligible for half-way housing before August 8, 2018." [*Id.*] He explains that his request for a half-way house has been denied due to the outstanding warrant against him. [Doc. 8 at 1–2.]

Petitioner's records that he submitted appear to indicate that a detainer was lodged on authority of the United States Marshal Eastern District of North Carolina on December 9, 2003, and that "Eastern Dist of NC filed detainer for for (sic) Southern Dist of Florida."

[Doc. 8-1 at 1.] Petitioner contends that U.S. Probation Officer Ms. Odine Lindor charged Petitioner with violations of supervised release for conduct that occurred on July 15, 2002, July 23, 2002, and August 6, 2002, and a warrant for his arrest was created before he was arrested on a new federal sentence that he is currently serving. [*Id.*] And, it appears that the warrant for arrest of Petitioner for supervised release violations was filed in the Southern District of Florida in Case No. 94-200-cr-Moreno. [Doc. 8-2 at 5.]

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court. This Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, even under this less stringent standard, the Petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

3

**DISCUSSION**

A § 2241 action generally challenges the execution or implementation of a federal prisoner's sentence, such as the BOP's administration of the Inmate Financial Responsibility Program, computation of sentence, prison disciplinary actions, and prison transfers. *See Fontanez v. O'Brien*, 807 F. 3d 84, 87 (4th Cir. 2015); *Lagos-M v. Warden of FCI Williamsburg*, C/A No. 0:08-2913-HMH-PJG, 2009 WL 1749772, at *2 (D.S.C. June 22, 2009). Ordinarily, a § 2241 action is properly filed in the District where the inmate is incarcerated. Because Petitioner states that he is *not* attacking the validity of his federal conviction or sentence that he is currently serving, and his request to be placed in a half-way house has been denied by the BOP, this habeas action is construed as a § 2241 action challenging the execution of his federal sentence.[*]

Petitioner seems to admit that after he filed a BOP inmate request seeking a transfer to a half-way house and the response was that "the warrant is very active in the State of Florida and there is nothing they can do about it," he did not pursue further BOP administrative remedies. *See Dias v. LaManna*, C/A No. 9:05-2797-DCN-GCK, 2006 WL 2642604, at *4 (D.S.C. Sept. 13, 2006) (explaining the BOP administrative remedy process).

"Where a petition for writ of habeas corpus is brought pursuant to 28 U.S.C. § 2241, the exhaustion of administrative remedies is jurisdictional." *Hicks v. Jordan*, 165 F. A'ppx

---

[*]Although Petitioner states that he is "not attacking the terms of [his] present confinement," he also states that his "current sentence for half-way housing is being denied due to his/Judge outstanding warrant against me." [Doc. 8 at 1–2.] This Court is not bound by Petitioner's characterization of this action. *See Manigault v. LaManna*, C/A No. 8:06-47-JFA-BHH, 2006 WL 1328780 at *4, n.4 (D.S.C. May 11, 2006).

797 (11th Cir. 2006). Section 2241 does not contain a statutory exhaustion requirement; the exhaustion rule is a judicially created requirement. *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010) (generally courts require exhaustion of alternative remedies before a prisoner can seek federal habeas relief). Thus, some courts have held that the judicial exhaustion requirement of § 2241 may be waived by courts for discretionary reasons such as where requiring exhaustion would be futile. *See Dunkley v. Hamidullah*, C/A No. 6:06-2139-JFA-WMC, 2007 WL 2572256, at *2 (D.S.C. Aug. 31, 2007).

In the instant case, it is not apparent to this Court that Petitioner's exercise at exhausting the BOP administrative remedy process would be futile. For example, this Court cannot determine that the BOP would continue to deny Petitioner's half-way house request all the way through the central office or that the BOP would be precluded from assisting Petitioner in obtaining a resolution of the outstanding warrant filed in the Florida federal action. Of course, even after Petitioner has pursued his requests all the way through the BOP central office, he may not be able to obtain any relief. But, the BOP needs the opportunity to possibly grant relief to Petitioner, and the BOP needs to develop a factual record and apply its expertise to the situation. *See Moscato v. Fed. B.O.P.*, 98 F.3d 757, 761 (3rd Cir. 1996) (explaining the three reasons to require exhaustion), *cited with approval by Watkins v. Compton*, 126 F. App'x 621 (4th Cir. 2005). Accordingly, this § 2241 action should be dismissed without prejudice for failure to exhaust administrative remedies through the BOP.

Although Petitioner alleges that he unsuccessfully has filed several motions in the United States District Court for the Southern District of Florida in Case No. 94-200-cr-Moreno in the attempt to have the outstanding warrant resolved, this Court notes that if

5

Petitioner files a motion for speedy trial, or similar motion, in the Florida federal court, and if the result is unsatisfactory, his remedy would be to file an appeal to the Eleventh Circuit Court of Appeals. And, it appears from the docket of *United States v. Grimes*, Cr. No. 1:94-cr-200-FAM-1, on June 28, 2016, Petitioner did file an appeal from an order denying his request for final disposition, but the appeal was dismissed for want of prosecution. *See id.*, at ECF No. 42, 44.

Also, to the extent Petitioner intends to file a § 2241 habeas action seeking to challenge the detainer that has been placed on him, it appears he filed this action in the wrong court. He may file a § 2241 action seeking to challenge the detainer in whatever jurisdiction lodged the detainer against him even though he is incarcerated in South Carolina; this is because it appears the state holding the prisoner in immediate confinement acts as agent for the state demanding the detainer. *See Braden v. 30th Judicial Circuit Ct. Of Kentucky*, 410 U.S. 484 (1973). Here, Petitioner does not allege that South Carolina filed a detainer against him.

Furthermore, to the extent that this action may be construed as seeking a writ of mandamus from this Court to direct the United States District Court for the Southern District of Florida to take action by holding a hearing in Petitioner's case for the alleged supervised release violation, it should still be denied. A writ of mandamus is a writ issued by a court to compel performance of a particular act by a lower court. *Black's Law Dictionary*, mandamus (9th ed. 2009). A writ of mandamus is issued only in the rarest of circumstances, and it is a drastic remedy. *United States v. Sosa*, 364 F.3d 507, 511 (4th Cir. 2004); *In Re: Lockheed Martin Corp.*, 503 F.3d 351 (4th Cir. 2007). In *Sosa*, the Fourth Circuit Court of Appeals explained that when a litigant seeks mandamus relief he must

6

show that, "'he had no other adequate means to attain the relief he desires' and that his right to issuance of the writ is 'clear and indisputable.'" *Id.; See also In re Pruett*, 133 F.3d 275, 281 (4th Cir. 1997).

A writ of mandamus request is inappropriate in this case because this Court does not have authority to order the United States District Court for the Southern District of Florida to take any action. Also, Petitioner seems to have other adequate means to obtain the relief he desires, such as an appeal to the Eleventh Circuit Court of Appeals or a request for mandamus relief from that appellate court.

## **RECOMMENDATION**

Accordingly, it is recommended that the § 2241 Petition be dismissed without prejudice and without requiring the Respondent to file an answer or return. **Petitioner's attention is directed to the important notice on the next page.**

May 8, 2017　　　　　　　　　　　　　　　　S/Jacquelyn D. Austin
Greenville, South Carolina　　　　　　　　　United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).