IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Larry Anthony Grimes, #23477-004, | C/A No. 8:17-849-JFA |
| Petitioner, | |
| v. | **ORDER** |
| Warden Hector Joyner, | |
| Respondent. | |

Larry Anthony Grimes ("Grimes") filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while confined at FCI-Estill, in Estill, South Carolina. Grimes requests that this court send him to Florida for a disposition in a federal case. (ECF No. 1). Pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this case was referred to a Magistrate Judge for review.

According to the rules governing habeas corpus petitions in the United States District Courts, the Magistrate Judge thoroughly examined Grimes' petition to determine if, when liberally construed, "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." SECT 2254 Rule 4; *see also* SECT 2254 Rule 1(b) (a district court may apply these rules to a habeas corpus petition not filed pursuant to §2254).

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this court should dismiss the petition without

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo

prejudice and without requiring the Respondent to file an answer or return. (ECF No. 11). The Report sets forth in detail the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation.

Grimes was advised of his right to object to the Report, which was entered on the docket on May 8, 2017. However, Grimes failed to file any objections to the Report. In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation, and dismisses the petition without prejudice and without requiring the Respondent to file an answer or return.

Further, because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

June 12, 2017
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."